NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL MUSAK RANTUNG, | No. 09-73076 |
| Petitioner, | Agency No. A096-351-718 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| HANA LIMBAT, | No. 09-73085 |
| Petitioner, | Agency No. A096-351-717 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted December 14, 2010[]

Before: GOODWIN, WALLACE, and W. FLETCHER, Circuit Judges.

In these consolidated cases, Hana Limbat and Samuel Musak Rantung, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying Limbat's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") (No. 09-73085), and the BIA's order denying Rantung's motion to reopen removal proceedings (No. 09-73076). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we review for abuse of discretion the denial of a motion to reopen, and we review de novo due process claims, including ineffective assistance of counsel claims, *Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008). We deny both petitions for review.

With respect to No. 09-73085, the record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of Limbat's asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v.*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam); *Tampubolon v.*

*Holder*, 610 F.3d 1056, 1059 (9th Cir. 2010) (case law decided subsequent to the

filing of an asylum application is not a changed circumstance that excuses untimely

filing). We reject Limbat's contention that the agency violated her rights by

refusing to equitably toll the time limitation for filing her asylum application. *See*

*Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1163-65 (9th Cir. 2002)

(rejecting equal protection challenge to statutory time limitation where limitation

served a rational purpose; requiring error for due process violation). Accordingly,

Limbat's asylum claim fails.

Substantial evidence supports the agency's determination that Limbat failed

to establish past persecution because the harms she personally suffered did not rise

to the level of persecution, *see Wakkary*, 558 F.3d at 1059-60, and the record does

not compel the conclusion that her father was persecuted on account of a protected

ground, *see Padash v. INS*, 358 F.3d 1161, 1166-67 (9th Cir. 2004) (petition

denied in part because no evidence incidents were part of a pattern of harm against

petitioner's family on the basis of religion). Even as a member of a disfavored

group, the record does not compel the conclusion that Limbat established sufficient

individualized risk to show a clear probability of persecution. *See Wakkary*, 558

F.3d at 1066 ("An applicant for withholding of removal will need to adduce a

considerably larger quantum of individualized-risk evidence to prevail"). Thus, Limbat's withholding of removal claim fails.

Substantial evidence also supports the agency's conclusion that Limbat is not eligible for CAT relief because she failed to show it is more likely than not she would be tortured if removed to Indonesia. *See id.* at 1067-68.

With respect to No. 09-73076, the BIA did not abuse its discretion in denying Rantung's motion to reopen as untimely because Rantung filed it over five years after the BIA issued its final removal order, *see* 8 C.F.R. § 1003.2(c)(2), and Rantung and failed to submit material evidence of changed circumstances in Indonesia that would excuse the late filing, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) (requiring circumstances to have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution).

Finally, the BIA did not abuse its discretion by denying Rantung's motion to reopen based on ineffective assistance of counsel, because he did not establish he was prejudiced by counsel's actions. *See Iturribarria v. INS*, 321 F.3d 889, 901-903 (9th Cir. 2003).

**No. 09-73085: PETITION FOR REVIEW DENIED.**

**No. 09-73076: PETITION FOR REVIEW DENIED.**